# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| CARLTON MICHAEL GARY, : <br> : <br> Plaintiff, : <br> : <br> VS. : <br> : CIVIL No: 5:15-CV-259-CAR-TQL <br> Warden BRUCE CHATMAN, *et al.*, : <br> : <br> Defendants. : | |

## ORDER

Presently pending before the Court is *pro se* Plaintiff Carlton Michael Gary's motion for leave to appeal *in forma pauperis* from the Court's September 1, 2016 Order adopting the United States Magistrate Judge's report and recommendation and dismissing Plaintiff's Complaint without prejudice. For the following reasons, the Court **DENIES** Plaintiff's motion (ECF No. 57).

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress."[1] If the trial court certifies in writing that the appeal is not taken in good faith, however, such

---

[1] Federal Rule of Appellate Procedure 24 similarly requires a party seeking leave to appeal *in forma pauperis* to file a motion and affidavit that establishes the party's inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which the party intends to present on appeal. Fed. R. App. P. 24(a).

appeal may not be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3). The "three strikes" provision of the Prison Litigation Reform Act ("PLRA") also prohibits a prisoner from "appeal[ing] a judgment in a civil action or proceeding" *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had more than three of his cases or appeals dismissed on the statutorily-enumerated grounds prior to filing his notice of appeal in this case: *Gary v. Hall*, Order Dismissing Compl., ECF No. 6 in Case No. 5:08-cv-00072-CAR-CWH (M.D. Ga. Mar. 21, 2008) (failure to exhaust administrative remedies); *Gary v. Owens*, Order Dismissing Compl., ECF No. 33 in Case No. 5:10-cv-00061-MTT (M.D. Ga. Mar. 9, 2011) (failure to exhaust administrative remedies); *Gary v. Hall*, ECF No. 36 in Case No. 5:07-cv-00149-CAR (M.D. Ga. Mar. 17, 2008) (failure to exhaust administrative remedies).[2] Plaintiff has therefore accrued more than three "strikes" for purposes of § 1915(g), and he is thus precluded from proceeding *in forma pauperis* on appeal unless he is presently in imminent danger of serious physical injury. In his reply to Defendants' response opposing his motion to appeal *in forma pauperis*, Plaintiff alleges only that he was at some time exposed to "friable asbestos" during his incarceration. *See, e.g.,* ECF

---

[2] In *Rivera v. Allin*, the Eleventh Circuit explained that "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 214 (2007). Therefore, a dismissal without prejudice for failure to exhaust counts as a strike under 28 U.S.C. § 1915(g). *See id.*

No. 59 at 6. But Plaintiff has alleged no specific facts regarding this purported asbestos exposure in his motion or reply or explained how such exposure placed him in imminent danger at the time he filed his notice of appeal.[3] Such conclusory allegations are not enough to overcome the § 1915(g) bar. *See, e.g., Miller v. Meadows*, No. 5:05-CV-29-CAR, 2005 WL 1983838, at *5 (M.D. Ga. Aug. 11, 2005) (finding claims that prisoner was "exposed to asbestos" were not "sufficiently pled and supported with specific facts to demonstrate" that prisoner was in imminent danger of serious physical injury); *Woods v. Crockett-Harris*, Civil Action No. 2:12-cv-00231, 2012 WL 5877419, at *4 (S.D. Ohio Nov. 20, 2012) ("Plaintiff has failed to support his allegation with facts demonstrating

---

[3] A prisoner's three-strikes status must be determined at the time the prisoner files his or her notice of appeal. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam) (holding that three-strikes litigant must allege imminent danger existed at the time he "seeks to file his complaint or notice of appeal IFP" because § 1915(g) "clearly refers to the time when the action or appeal is filed or the motion for IFP status is made"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (quoting *Banos* for the proposition that the use of the present tense in § 1915(g) "clearly refers to the time when the action or appeal is filed or the motion for IFP status is made").). *Cf. Dollar v. Coweta Cnty. Sheriff Office*, 510 F. App'x 897, 900 (11th Cir. 2013) (per curiam) ("Our published decisions have consistently looked at *the time of filing* when considering whether § 1915(g) prevents a prisoner from proceeding *in forma pauperis*."); *cf. also Williams v. Paramo*, 775 F.3d 1182, 1187, 1192-93 (9th Cir. 2015) (holding that "a court of appeals may require a three-strike prisoner seeking forma pauperis status to show an imminent danger at the time the notice of appeal is filed" and noting that the three other circuit courts to address the question have reached similar conclusions). Plaintiff references his exposure to asbestos a handful of times in the hundreds of pages of documents he has filed with the Court; he primarily appears to allege he was exposed to friable asbestos several years ago and that such exposure "may have contributed to a concern of a CT-scan performed at the Augusta State Medical Prison" in late 2015. ECF No. 25 at 21; *see also* ECF No. 36 at 18 (allegations that Plaintiff was exposed to asbestos "on or about September 6, 2013"). As noted above, however, Plaintiff does not provide any factual details in his most-recently filed documents about any current exposure to friable asbestos or that he is suffering any ill effects that have been definitively linked to such exposure.

3

how his prior placement in a room purportedly containing asbestos gives rise to imminent danger."). *Cf. also Gibbs v. Cross*, 160 F.3d 962, 965-66 (3d Cir. 1998) (district court erred in finding no imminent danger where prisoner alleged he was in a "dusty cell" that he believed contained asbestos, that "unidentified dust particles were in his lungs and mucus," and that he was "suffering from severe headaches, watery eyes, and a change in his voice as a result").

Plaintiff has also failed to allege a good faith basis for his appeal. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *see also Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

The Court has reviewed Plaintiff's motion to proceed *in forma pauperis*, Defendants' response, and Plaintiff's reply as well as the notice of appeal and all prior orders in this case and finds no good faith basis for Plaintiff's appeal. Plaintiff's appeal

4

would be frivolous as to each issue raised for the reasons stated in Court's prior orders. The Court therefore certifies, pursuant to § 1915(a)(3), that Plaintiff's appeal is not taken in good faith.

For these reasons, Plaintiff's application to appeal *in forma pauperis* (ECF No. 57) is **DENIED.** If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section 1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated. Plaintiff's motion for an extension of time to submit a motion to proceed *in forma pauperis* (ECF No. 56) is **DENIED as moot.**

The Court also notes that although Plaintiff has not raised this issue, Plaintiff is entitled to have any initial partial filing fees refunded to him in light of the fact that the Court determined that Plaintiff was not permitted to proceed in this action *in forma pauperis* after he had already paid an initial partial filing fee. The Clerk is therefore **DIRECTED** to refund any partial filing fees paid by Plaintiff in the above-captioned action.

**SO ORDERED**, this 7th day of September, 2017.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT